IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANET COATES and FRANCILIA GELIN, as individuals and as representatives of the class,** | ] ] ] ] |
| Plaintiffs, | ] ] |
| v. | Case No: 2:14-cv-01079 |
| **MidFirst Bank d/b/a Midland Mortgage, and FirstInsure, Inc.,** | ] ] ] ] |
| Defendants. | ] |

## ORDER

This matter comes before the court on Plaintiffs Janet Coates and Francilia Gelin's unopposed "Motion for Preliminary Approval of Class Action Settlement" with Defendants MidFirst Bank ("MidFirst"), including its Midland Mortgage Division ("Midland"), and Firstinsure, Inc. ("Firstinsure") (collectively, "the MidFirst Defendants" or "Defendants"). (Doc. 15).

The court conducted a hearing on the Motion on Tuesday, February 10, 2015, and has considered the Motion, the proposed Class Action Settlement Agreement, the Notice of Class Action Settlement, the other papers submitted in connection with the Motion, and all files, records, and proceedings in this case. Finding good cause to approve the Motion, the court **ORDERS** as follows:

    A.    **General**

1.    All defined terms in this Order have the same meaning as set forth in the

Settlement Agreement executed by the Parties and filed with the court.

2. The court preliminarily approves the Settlement Agreement and its terms, subject to further consideration at the Final Approval Hearing after members of the Settlement Class have had an opportunity to opt-out of the Settlement or object to the Settlement.

### B. Class Certification

3. Pursuant to Federal Rule of Civil Procedure 23, the court **CERTIFIES**, solely for purpose of effectuating this Settlement, the following Settlement Class:

> All persons with a mortgage loan or line of credit owned or serviced by Midland who were charged for LPHI by the MidFirst Defendants during the Class Period, from June 6, 2008 through the date of this Preliminary Approval Order.

4. The court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). The number of class members is sufficiently numerous that joinder of all members is impractical. Questions of law and fact are common to the class regarding the alleged conduct of the MidFirst Defendants related to lender-placement of hazard insurance described in the Amended Complaint. Plaintiffs' claims are typical of the claims of the Settlement Class. Finally, Plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Class, and the court believes they will continue to do so in connection with the Settlement Agreement.

5. The court further finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). The common issues predominate over any individualized issues, and the resolution and settlement of this action as a class action is superior to alternative methods of adjudicating the claims of the members of the Settlement Class.

6. On a preliminary basis, the court finds that the terms of the Settlement Agreement

(including the monetary relief, prospective relief, and release of claims) are fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e). The court further finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims in the Action and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the court's conclusion that the Settlement was fairly negotiated at arm's length. The court, therefore, **GRANTS** preliminary approval of the Settlement.

### C.   Appointment of Counsel

7.   The court **APPOINTS** Plaintiffs' counsel, Nichols Kaster, PLLP and Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., as Class Counsel for the Settlement Class.

8.   The court also **APPOINTS** Plaintiffs Janet Coates and Francilia Gelin as Class Representatives for the Settlement Class.

### D.   Class Notice

9.   The court finds that the revised Class Notice and the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class will provide the best notice practicable, satisfies the notice requirements of Rule 23, adequately advises Settlement Class members of their rights under the Settlement, and meets the requirements of due process. The Class Notice fairly, plainly, accurately, and reasonably provides Settlement Class members with all required information. The notice includes (among other things): (1) a summary of the lawsuit and the claims asserted; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) information regarding how Settlement Class members may submit a claim for monetary relief; (5) a disclosure of the release of claims should they choose to

remain in the class; (6) an explanation of Settlement Class members' opt-out rights, a date by which Settlement Class members must opt out, and information regarding how to do so; (7) instructions as to how to object to the Settlement and a date by which Settlement Class members must object; (8) the date, time, and location of the final approval hearing; (9) the internet address for the settlement website and the toll-free number from which Settlement Class members may obtain additional information about the Settlement; and (10) contact information for Class Counsel, and information regarding the compensation that they may seek pursuant to the Settlement Agreement. The proposed plan for mailing the Class Notice by first class mail to the last known addresses of the members of the Settlement Class is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. This form of mailed notice is also supplemented through the settlement website, which the court finds to be a reasonable form of supplemental notice. Accordingly, the court **APPROVES** the Class Notice, and the manner of distributing the Class Notice to Settlement Class members.

10. Within twenty-one days after receiving the Class List, the Claims Administrator shall mail, via first class mail, the Notice and Claim Form to Settlement Class Members. For purposes of this mailing, the Claims Administrator shall use the address information supplied by the MidFirst Defendants, subject to appropriate updating as provided in the Settlement Agreement.

11. <u>Website</u>. On or before the Class Notice Date, Class Counsel shall make active a website describing the terms of the Settlement and from which Settlement Class Members can download relevant forms, such as the operative Complaint, the Class Notice, the Claim Form, the Settlement Agreement, and ECF-filed (*i.e.*, publicly-available) copies of Plaintiffs' motion papers

in support of approval of the Settlement and in support of the requested attorneys' fees, costs, and class representative service awards (when filed). The name of this website shall be agreed to by the Parties prior to the establishment of the website, and shall be included in the Notice.

12.     Toll-Free Number. On or before the Class Notice Date, the Claims Administrator shall establish a toll-free number that Settlement Class Members may call for further information about the Settlement, and include that informaiton in the Notice.

13.     Claim Form. The court further finds that the Claim Form set forth in the Settlement Agreement is not unduly burdensome for Settlement Class members to complete, that the claims process established by the Settlement is reasonable and appropriate, and **DIRECTS** that the Claim Form be included with the Class Notice and available on the website. Eligible members of the Settlement Class who wish to receive monetary compensation under the Settlement must submit a valid and timely Claim Form to the designated Claims Administrator, as provided in the Settlement Agreement, postmarked no later than sixty days after the Class Notice Date.

14.     The court **APPROVES** Dahl Administration as the Claims Administrator.

**E.     Options for Class Members**

15.     Participation. Any class members who wishes to fully participate in the class settlement MUST submit the Claim Form. If a class member does not return the Claim Form that class member will not receive any funds from the Settlement, but will be bound by the Settlement and will not be able to sue the MidFirst Defendants for any claims involved in this case.

16.     Objections. Any member of the Settlement Class who wishes to object to the Settlement must mail a written statement of objection to the clerk of court, Class Counsel, and

Defense Counsel postmarked no later than sixty days after the Class Notice Date. The Notice of Objection must include: (a) the case name and number; (b) the basis for the objection; (c) the name, address, telephone number, and email address of the Settlement Class Member making the objection; (d) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel; and (e) be personally signed by the Settlement Class Member. Settlement Class Members who fail to make timely objections in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

17. <u>Opt Out.</u> Members of the Settlement Class who wish to exclude themselves from the Settlement Class must submit a written statement to the Claims Administrator requesting exclusion from the Settlement ("opt-out"), postmarked no later than sixty days after the Class Notice Date. Such written request for exclusion must contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by the Settlement Class Member who seeks to opt out.

18. **Any member of the Settlement Class who requests exclusion from the Settlement Class and chooses to opt-out of the Settlement will not be entitled to any compensation in connection with the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment on the Settlement Agreement.**

19. Members of the Settlement Class who do not submit a valid and timely Settlement Opt-Out Form will not receive any compensation, but shall be bound by all terms of the Settlement Agreement.

20. The Claims Administrator shall provide the Parties with copies of all opt-out

requests as provided in the Settlement Agreement. No opt-out request may be made on behalf of a group of Settlement Class Members, and untimely requests to opt-out will be deemed invalid and ineffective.

### F.     Final Hearing

21.     The court will conduct a Final Approval Hearing on Tuesday, July 28, 2015, at 9:30 a.m in Courtroom 5A of the Hugo Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203, to determine whether the Settlement is fair, reasonable and adequate, whether the notice provided to Settlement Class Members satisfies Rule 23 and due process, whether any objections to the Settlement should be overruled, whether Class Counsel's motion for attorneys' fees and expenses should be granted, and whether a class representative award to the named Class Representatives should be approved and in what amount.

22.     The Final Approval Motion, and any motion for attorneys' fees, costs, and class representative reimbursement, shall be filed no later than fourteen days prior to the date of the Final Approval Hearing. In the Final Approval Motion, Class Counsel shall address any timely-submitted objections to the Settlement.

23.     In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and Plaintiffs and the MidFirst Defendants shall revert to their respective positions before entering into the Settlement Agreement.

### G.     Bar of Other Actions

24.     Pending the court's final determination as to whether the Settlement should be approved, all members of the Settlement Class and all persons acting on behalf of any member of

the Settlement Class are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively on behalf of them, or in any other capacity of any kind whatsoever, any action in any state court, any federal court, or any other tribunal or forum of any kind, against the MidFirst Defendants that fall within the definition of the Released Claims in the Settlement Agreement and shall not pursue any pending actions against the Released Parties asserting the Released Claims.

**DONE** and **ORDERED** this 27th day of February, 2015.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE